**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

OSCAR EDUARDO HUELGAS,

Petitioner,

v.

JEFFERSON B. SESSIONS III, Attorney
General,

Respondent.

No.    15-72518

Agency No. A092-190-293

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted February 12, 2018
San Francisco, California

Before:  HAWKINS, BEA, and N.R. SMITH, Circuit Judges.

Oscar Eduardo Huelgas, a native and citizen of Mexico, petitions for review

of the order by the Board of Immigration Appeals ("BIA") (a) dismissing his

appeal from an immigration judge's ("IJ") denial of Huelgas's motion to reopen

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

and (b) denying Huelgas's motion to remand. We have jurisdiction under 8 U.S.C. § 1252. We grant the petition for review.

1.     The BIA abused its discretion in rejecting Huelgas's request for equitable tolling of the ninety-day filing deadline. *See* 8 C.F.R. § 1003.2(c)(2); *see also Iturribarria v. INS*, 321 F.3d 889, 897 (9th Cir. 2003) (holding that equitable tolling is available "when a petitioner is prevented from filing [a motion to reopen] because of deception, fraud, or error, as long as the petitioner acts with due diligence in discovering the deception, fraud, or error"). Huelgas requested equitable tolling, because he alleges the immigration judge committed error by failing to inform Huelgas that he may have been eligible for relief from removal.

The BIA held that the Huelgas's claims are not "allegations of 'deception, fraud, or error'" but rather "attacks on the underlying removal order." The government asserts that the BIA meant that there was no allegation of deception, fraud, or error, because (at the time of the hearing) Huelgas had not demonstrated apparent eligibility for § 212(c) relief. However, it is not clear that the BIA found that Huelgas was not apparently eligible for § 212(c) relief, therefore, we cannot affirm on this ground. *See Navas v. INS*, 217 F.3d 646, 658 n.16 (9th Cir. 2000) (We "cannot affirm the BIA on a ground upon which it did not rely.").

2

As a general rule, "[i]mmigration judges must adequately explain the hearing procedures to the alien, and where immigrants proceed pro se, the judges have a duty to fully develop the record. They are also required to inform immigrants of any ability to apply for relief from removal and the right to appeal removal orders." *J.E.F.M. v. Lynch*, 837 F.3d 1026, 1036-37 (9th Cir. 2016) (internal quotation marks and citations omitted); *see also C.J.L.G. v. Sessions*, 880 F.3d 1122, 1147 (9th Cir. 2018) (noting that an IJ must advise an alien of "apparent eligibility" to apply for relief from removal (quoting 8 C.F.R. § 1240.11(a)(2)). Because "[f]ailure to advise an alien of 'apparent eligibility' to apply for relief [would be] a due process violation," *C.J.L.G.*, 880 F.3d at 1147-48 (quoting *United States v. Rojas-Pedroza*, 716 F.3d 1253, 1263 (9th Cir. 2013)), the BIA erred when it concluded that the IJ's failure to inform was not an allegation of "deception, fraud, or error." *See Iturribarria*, 321 F.3d at 897.

As a result, the BIA failed provide a reasoned explanation with regard to whether the IJ committed error when the IJ failed to inform Huelgas that he may have been eligible for relief from removal. *See Movsisian v. Ashcroft*, 395 F.3d 1095, 1098 (9th Cir. 2005) (noting that the BIA "abuses its discretion when it fails to provide a reasoned explanation for its actions"). "Without knowing the basis of the BIA's decision, we cannot conduct a meaningful review" of it. *Delgado v.*

*Holder*, 648 F.3d 1095, 1108 (9th Cir. 2011) (en banc). We therefore remand to the BIA so that it can provide a reasoned decision.

2.    We agree with the government that the BIA also failed to provide a reasoned decision with regard to (a) whether Huelgas demonstrated due diligence in filing the motion to reopen, and (b) whether the IJ's failure properly to advise Huelgas of possible grounds for relief prejudiced him. Therefore, we also remand these issues. *See Movsisian*, 395 F.3d at 1098.[1]

**PETITION FOR REVIEW GRANTED; REMANDED.**

---

[1] In light of our disposition, we need not address Huelgas's remaining issues raised on appeal.